In the Matter of the Estate of CHARLES H. HARBECK, Deceased.*

Supreme Court, New York County, August 15, 1930.

---

* See, also, 142 Misc. 57.

FOLEY, S.   In this proceeding a question arises as to the compelling of an account by the substituted trustee under the will of the testator.   It appears to be conceded that under the terms of the will a trust was created in the sum of $55,000, of which Charles T. Harbeck, the son of the decedent, was appointed trustee.   He acted in that capacity until his death on January 19, 1929.   The petitioner here is the son of the trustee and a grandson of the testator.   He is the sole remainderman of the trust by virtue of a power of appointment exercised by his father.   It also appears that the trust funds were not segregated, and that the deceased trustee mingled them with his own funds.   In 1926 the Islip Corporation, of which the deceased trustee owned all the stock, sold certain property in Islip, L. I., to the Valdosta Realty Corporation, and took back a purchase-money mortgage in the sum of $75,000. Subsequently this mortgage was assigned by the Islip Corporation to the deceased trustee individually.   He thereupon executed a certificate or declaration of trust that he held the mortgage, as trustee, for the amount of the trust fund, $55,000, under the testator's will here, and further declared that the balance of $20,000 was held by him pursuant to an antenuptial agreement between himself and his wife.   The latter declaration was made specifically subject and subordinate to the one made in connection with the $55,000 trust.   After the deceased trustee's death, one of the respondents here, Alfred S. Brown, was appointed substituted trustee in his place.   The petitioner seeks to compel an accounting from him, and seeks the further direction of this court to compel the trustee to take the necessary steps to secure the return of the trust principal.   The executors of the deceased trustee have been made parties to this proceeding.   They assert that the Valdosta Realty Corporation, having defaulted in the payment of the interest, is ready to turn over the fee of the real property to the executors as the representatives of the record owner of the mortgage.   The Valdosta Realty Corporation refuses to turn this property over to the substituted trustee.   The liability of the estate of the deceased trustee is undisputed, and the only difficulty arises in the method of enforcing it.   The substituted trustee in his answer alleges that he has received no part of the income or principal of the trust.   I hold, however, that a formal account must be filed by him in compliance with section 256 of the Surrogate's Court Act.   At the present time this court cannot compel and would not approve the transfer of the real estate directly to the substituted trustee.   Two alternatives of procedure are available.   A compulsory accounting

may be directed in this proceeding from the executors of the deceased trustee pursuant to provisions of section 257 of the Surrogate's Court Act. In that proceeding the liability of the estate of the deceased trustee may be fixed. On the other hand, in view of the fact that the estate of the deceased trustee is pending in the Surrogate's Court of Kings county, the substituted trustee may be directed to proceed forthwith to compel the filing of an account by the executors of the deceased trustee in that court. The question as to whether the real estate should be received by these executors is a matter for their discretion, subject to the control of the surrogate of Kings county. It would appear that the more orderly procedure would be to resort to the latter alternative, since the general accounting could be had in Kings county and the rights of the individual beneficiaries, of creditors, and of the beneficiary of the subordinate trust created by the declaration of trust could be completely adjudicated. In view of these facts, the following directions will be made: (1) The substituted trustee is directed to file an account within thirty days; (2) the substituted trustee is directed to proceed forthwith to take the necessary legal steps to compel the delivery or payment of the corpus of the trust fund,— $55,000, to him; (3) if the petitioner elects to proceed in this court rather than through the substituted trustee in the Surrogate's Court of Kings county, an accounting pursuant to section 257 will be directed to be filed within thirty days by the executors of the deceased trustee, for the acts and doings of the decedent in this estate and for the trust property which came into their possession or in the possession of the deceased trustee.

Submit order on notice accordingly.